

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,608-01

### EX PARTE MILTON SAVAGE JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F-2004-1606-E-WHC 1 IN THE 367TH DISTRICT COURT
### FROM DENTON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault, enhanced by prior convictions, and sentenced to twenty-five years' imprisonment and a $5000 fine.

Applicant raises several claims, including claims that his trial counsel rendered ineffective assistance. Apart from his claim that trial counsel should have objected to the fine, Applicant fails to show entitlement to habeas relief. Regarding the fine, if the offense of conviction was a second-degree felony punished as a first-degree felony, the fine could be imposed "not to exceed $10,000."

TEX. PENAL CODE 12.32, 12.42(b). The habitual-felon enhancement, however, does not allow for the imposition of a fine. TEX. PENAL CODE 12.32 12.42(d). Although the indictment alleged that Applicant was a habitual felon, the State's answer appears to allege that the offense may have been prosecuted as an enhanced second-degree felony. The State wrote as follows:

> Applicant was found guilty of aggravated assault, and his two felony enhancements—Burglary of a Habitation and Retaliation—were found to be true (Exhibit B). He was sentenced to twenty-five years' confinement (Exhibit B). Aggravated assault was and is a second-degree felony. Tex. Penal Code Ann. § 22.02. Under section 12.42, given his enhancements, he could have been subject to first-degree-felony punishment or a twenty-five to ninety-nine-year range. See Tex. Penal Code Ann. § 12.42.

"Exhibit B" is the judgment, but it does not state whether the offense of conviction was for a habitual-felon enhancement or an enhanced second-degree felony. The jury instructions regarding the applicable range of punishment are not in the habeas record.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel regarding the fine. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an

attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: May 1, 2019
Do not publish